IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ISREAL WHITMORE,

      Petitioner,                    No. 2:10-cv-2488 GEB DAD (HC)

   vs.

S. M. SALINAS, Warden,

      Respondent.                FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court on respondent's motion to dismiss this action due to petitioner's failure to exhaust his claims in state court. Petitioner opposes the motion. Respondent elected not to file a reply.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

1 presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.
2 Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

3       Petitioner claims that his federal constitutional rights were violated by application
4 of the provisions of California's Proposition 9 (the so-called Marcy's Law) at his 2009 parole
5 hearing. Respondent contends that petitioner did not present this claim to the California
6 Supreme Court. Review of the record shows that this claim was included in a brief filed by
7 petitioner in the California Court of Appeal for the First Appellate District, a copy of which was
8 attached to a petition for writ of habeas corpus filed by petitioner in the California Supreme
9 Court. See Exhibit to Petitioner's Opposition to Motion to Dismiss (Doc. No. 13), filed January
10 6, 2011.[2] In his habeas petition filed with the state high court, petitioner requested that the
11 California Supreme Court "review all attached exhibits, and the original Petition for Writ of
12 Habeas Corpus, all regulations and procedures cited in this matter." Petition for Writ of Habeas
13 Corpus to California Supreme Court, appended as Exhibit to Petitioner's Opposition (Doc. No.
14 13) at 3.

15       In light of the foregoing, this court finds that petitioner fairly presented the
16 constitutional claim presented in his federal habeas petition to the California Supreme Court.
17 See Kim v. Villalobos, 799 F.2d 1317, 1320 (9th Cir. 1986). Accordingly, respondent's motion
18 to dismiss should be denied.

19       CONCLUSION

20       In accordance with the above, IT IS HEREBY RECOMMENDED that:
21       1. Respondent's November 23, 2010 motion to dismiss be denied;
22       2. Respondent be directed to file an answer to the petition within thirty days from
23 the date of any order by the district court adopting these findings and recommendations, see Rule
24 4, Rules Governing Section 2254 Cases, and to include with the answer any and all transcripts or

---

[2] The brief submitted by petitioner to the state appellate court is also appended by him to the petition pending before this court and provides the substance of his federal habeas petition.

other documents relevant to the determination of the issues presented in the application. Rule 5, Rules Governing Section 2254 Cases; and

       3. Petitioner's traverse, if any, be due on or before thirty days from the date respondent's answer is filed.

       These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 5, 2011.

                                     /s/ Dale A. Drozd
                                     DALE A. DROZD
                                     UNITED STATES MAGISTRATE JUDGE

DAD:12
whit2488.mtd