1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ISREAL WHITMORE,

11            Petitioner,              No. 2:10-cv-2488 GEB DAD P

12        vs.

13   S. M. SALINAS, Warden,

14            Respondent.          FINDINGS & RECOMMENDATIONS

15   _____/

16            Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the decision of the California Board

18   of Parole Hearings (hereinafter "Board") to deny him parole at his parole consideration hearing

19   held on June 17, 2009.  He claims that the Board's decision violated both the Ex Post Facto

20   Clause and his right to due process.[1]  The matter has been fully briefed by the parties and is

21   submitted for decision.  Upon careful consideration of the record and the applicable law, the

22   undersigned will recommend that petitioner's application for habeas corpus relief be denied with

23   respect to his due process claim and that his Ex Post Facto claim be dismissed without prejudice.

24   /////

25   _____

26       [1]  This court has previously found that petitioner's claims have been exhausted in state
     court.  (Doc. Nos. 14, 15.)

                                            1

I.  Procedural Background

Petitioner is confined pursuant to a 1984 judgment of conviction entered against him in the Alameda County Superior Court following his conviction on a charge of second degree murder.  (Doc. 1 at 1.)  Pursuant to that conviction, petitioner was sentenced to fifteen years to life in state prison.  (Id.)

The parole consideration hearing that is placed at issue by the instant federal habeas petition was held on June 17, 2009.  (Id. at 26.)  Petitioner appeared at and participated in the hearing.  (Id. at 26, et seq.)  Following deliberations held at the conclusion of the hearing, the Board panel announced their decision to deny petitioner parole for five years and the reasons for that decision.  (Id. at 92-101.)

Petitioner challenged the Board's 2009 decision in a petition for writ of habeas corpus filed in the Alameda County Superior Court.  (Answer, Ex. 2.)  Therein, petitioner claimed that the Board's decision to deny him parole for five years violated his right to due process because the only evidence relied upon in finding that he posed a current danger if released was the nature of his commitment offense.  (Id.)  That court denied the petition in a decision on the merits of petitioner's claims.  (Answer, Ex. 3.)  Petitioner subsequently challenged the Board's 2009 decision in a petition for writ of habeas corpus filed in the California Court of Appeal for the First Appellate District.  (Answer, Ex. 4.)  In that petition, petitioner included a claim that the Board's decision to defer his next parole suitability hearing for five years violated the Ex Post Facto Clause.  (Id.)  That petition was denied by the state appellate court on the grounds that petitioner had failed to provide an adequate record for review.  (Answer, Ex. 5.)  Petitioner subsequently filed a petition for review in the California Supreme Court raising the same claims set forth in his petition filed with the California Court of Appeal.  (Answer, Ex. 6.)  That petition was summarily denied.  (Answer, Ex. 7.)

On September 15, 2010, petitioner filed his federal application for habeas relief in this court.

II.  Standards of Review Applicable to Habeas Corpus Claims

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  A federal writ is not available for alleged error in the interpretation or application of state law.  See Wilson v. Corcoran, 562 U.S.___, ___, 131 S. Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the state court decision.  Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).  Nonetheless, "circuit court precedent may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably."  Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts.  Price v. Vincent, 538 U.S. 634, 640 (2003).  Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may

1    grant the writ if the state court identifies the correct governing legal principle from the Supreme

2    Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[2]

3    Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360

4    F.3d 997, 1002 (9th Cir. 2004).  In this regard, a federal habeas court "may not issue the writ

5    simply because that court concludes in its independent judgment that the relevant state-court

6    decision applied clearly established federal law erroneously or incorrectly.  Rather, that

7    application must also be unreasonable."  Williams, 529 U.S. at 412.  See also Schriro v.

8    Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal

9    habeas court, in its independent review of the legal question, is left with a 'firm conviction' that

10   the state court was 'erroneous.'").  "A state court's determination that a claim lacks merit

11   precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of

12   the state court's decision."  Harrington v. Richter, 562 U.S.___,___,131 S. Ct. 770, 786 (2011)

13   (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).  Accordingly, "[a]s a condition for

14   obtaining habeas corpus from a federal court, a state prisoner must show that the state court's

15   ruling on the claim being presented in federal court was so lacking in justification that there was

16   an error well understood and comprehended in existing law beyond any possibility for fairminded

17   disagreement."  Harrington,131 S. Ct. at 786-87.

18          If the state court's decision does not meet the criteria set forth in § 2254(d), a

19   reviewing court must conduct a de novo review of a habeas petitioner's claims.  Delgadillo v.

20   Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th

21   Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because

22   of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by

23   considering de novo the constitutional issues raised.").

24

25         [2] Under § 2254(d)(2), a state court decision based on a factual determination is not to be
     overturned on factual grounds unless it is "objectively unreasonable in light of the evidence
26   presented in the state court proceeding."  Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011)
     (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

1    The court looks to the last reasoned state court decision as the basis for the state

2  court judgment.  Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir.

3  2004).  If the last reasoned state court decision adopts or substantially incorporates the reasoning

4  from a previous state court decision, this court may consider both decisions to ascertain the

5  reasoning of the last decision.  Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en

6  banc).  "When a federal claim has been presented to a state court and the state court has denied

7  relief, it may be presumed that the state court adjudicated the claim on the merits in the absence

8  of any indication or state-law procedural principles to the contrary."  Harrington, 131 S. Ct. at

9  784-85.  This presumption may be overcome by a showing "there is reason to think some other

10 explanation for the state court's decision is more likely."  Id. at 785 (citing Ylst v. Nunnemaker,

11 501 U.S. 797, 803 (1991)).  Where the state court reaches a decision on the merits but provides

12 no reasoning to support its conclusion, a federal habeas court independently reviews the record to

13 determine whether habeas corpus relief is available under § 2254(d).  Stanley, 633 F.3d at 860;

14 Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).   "Independent review of the record is

15 not de novo review of the constitutional issue, but rather, the only method by which we can

16 determine whether a silent state court decision is objectively unreasonable."  Himes, 336 F.3d at

17 853.  Where no reasoned decision is available, the habeas petitioner still has the burden of

18 "showing there was no reasonable basis for the state court to deny relief."  Harrington, 131 S. Ct.

19 at 784.

20    When it is clear, however, that a state court has not reached the merits of a

21 petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a

22 federal habeas court must review the claim de novo.  Stanley, 633 F.3d at 860; Reynoso v.

23 Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir.

24 2003).

25 /////

26 /////

1  III.  Scope of Review Applicable to Due Process Challenges to the Denial of Parole

2          The Due Process Clause of the Fourteenth Amendment prohibits state action that

3  deprives a person of life, liberty, or property without due process of law.  A litigant alleging a

4  due process violation must first demonstrate that he was deprived of a liberty or property interest

5  protected by the Due Process Clause and then show that the procedures attendant upon the

6  deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson,

7  490 U.S. 454, 459-60 (1989).

8          A protected liberty interest may arise from either the Due Process Clause of the

9  United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

10  expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209,

11  221 (2005).  See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).  The United States

12  Constitution does not, of its own force, create a protected liberty interest in a parole date, even

13  one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of

14  Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted

15  person to be conditionally released before the expiration of a valid sentence.").  However, a

16  state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release

17  will be granted" when or unless certain designated findings are made, and thereby gives rise to a

18  constitutional liberty interest.  Greenholtz, 442 U.S. at 12.  See also Allen, 482 U.S. at 376-78.

19          California's parole scheme gives rise to a liberty interest in parole protected by the

20  federal Due Process Clause.  Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th

21  Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v.

22  Cooke, 562 U.S. ___ , ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in

23  this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639

24  F.3d 1185, 1191 (9th Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that

25  California law creates a liberty interest in parole.")  In California, a prisoner is entitled to release

26  on parole unless there is "some evidence" of his or her current dangerousness.  In re Lawrence,

6

1    44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

2            In Swarthout, the Supreme Court reviewed two cases in which California

3    prisoners were denied parole - in one case by the Board, and in the other by the Governor after

4    the Board had granted parole.  Swarthout, 131 S. Ct. at 860-61.  The Supreme Court noted that

5    when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment

6    requires fair procedures, "and federal courts will review the application of those constitutionally

7    required procedures."  Id. at 862.  The Court concluded that in the parole context, however, "the

8    procedures required are minimal" and that the "Constitution does not require more" than "an

9    opportunity to be heard" and being "provided a statement of the reasons why parole was denied."

10   Id. (citing Greenholtz, 442 U.S. at 16).  The Supreme Court therefore rejected Ninth Circuit

11   decisions that went beyond these minimal procedural requirements and "reviewed the state

12   courts' decisions on the merits and concluded that they had unreasonably determined the facts in

13   light of the evidence."  Swarthout, 131 S. Ct. at 862.  In particular, the Supreme Court rejected

14   the application of the "some evidence" standard to parole decisions by the California courts as a

15   component of the federal due process standard.  Id. at 862-63.  See also Pearson, 639 F.3d at

16   1191.[3]

17   IV.  Petitioner's Claims

18         A.  Due Process

19            Although it is not entirely clear from the documents filed by petitioner in this

20   federal habeas action, it appears that he is seeking relief on the grounds that the Board's 2009

21   decision to deny him parole, and the findings upon which that denial was based, were not

22

23          [3]  In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four
24   years the Ninth Circuit had consistently held that in order to comport with due process a state
     parole board's decision to deny parole had to be supported by "some evidence," as defined in
25   Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability.  See Jancsek v.
     Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d
26   895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole
     rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

1   supported by "some evidence" as required under California law.  (Doc. 1 at 8-10; Doc. No. 17 at

2   12-14, 20-26.)  However, under the Supreme Court's decision in <u>Swarthout</u> this court may not

3   review whether California's "some evidence" standard was correctly applied in petitioner's case.

4   131 S. Ct. at 862-63; <u>see also</u> <u>Miller v. Oregon Bd. of Parole and Post-Prison Supervision</u>, 642

5   F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in [Swarthout v.] Cooke that in the

6   context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner

7   to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]");

8   <u>Roberts v. Hartley</u>, 640 F.3d 1042, 1045-46 (9th Cir. 2011) (under the decision in <u>Swarthout</u>,

9   California's parole scheme creates no substantive due process rights and any procedural due

10  process requirement is met as long as the state provides an inmate seeking parole with an

11  opportunity to be heard and a statement of the reasons why parole was denied); <u>Pearson</u>, 639

12  F.3d at 1191 ("While the Court did not define the minimum process required by the Due Process

13  Clause for denial parole under the California system, it made clear that the Clause's requirements

14  were satisfied where the inmates 'were allowed to speak at their parole hearings and to contest

15  the evidence against them, were afforded access to their records in advance, and were notified as

16  to the reasons why parole was denied.'")

17          The federal habeas petition pending before the court in this case reflects that

18  petitioner was represented by counsel at his 2009 parole suitability hearing.  (Doc. 1 at 26-27.)

19  As set forth above, the record also establishes that at that hearing petitioner was given the

20  opportunity to be heard and received a statement of the reasons why parole was denied by the

21  Board panel.  That is all the process that was due petitioner under the Constitution.  <u>Swarthout</u>,

22  131 S. Ct. 862; <u>see also</u> <u>Miller</u>, 642 F.3d at 716; <u>Roberts</u>, 640 F.3d at 1045-46; <u>Pearson</u>, 640 F.3d

23  at 1191.  It now plainly appears that petitioner is not entitled to relief with respect to his due

24  process claim.  Accordingly, the federal habeas relief should be denied with respect to that claim.

25  /////

26  /////

B.  Ex Post Facto Violation

Petitioner's next claim for relief is that application of the provisions of California Proposition 9, also known as Marsy's Law, at his 2009 parole hearing violated the Ex Post Facto Clause of the United States Constitution because it increased the deferral period for his next parole suitability hearing and resulted in his serving a longer prison sentence.  (Doc. 1 at 8-10.) As discussed below, the undersigned finds this claim must be dismissed because petitioner is a member of the class in Gilman v. Fisher, No. CIV S-05-830 LKK GGH (Gilman), a class action lawsuit which addresses this issue.

The Constitution provides that "No State shall . . . pass any . . . ex post facto Law."  U.S. Const. art. I, § 10.  A law violates the Ex Post Facto Clause of the United States Constitution if it:  (1) punishes as criminal an act that was not criminal when it was committed; (2) makes a crime's punishment greater than when the crime was committed; or (3) deprives a person of a defense available at the time the crime was committed.  Collins v. Youngblood, 497 U.S. 37, 52 (1990).  The Ex Post Facto Clause "is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts."  Himes v. Thompson, 336 F.3d 848, 854 (9th Cir. 2003) (quoting Souch v. Schaivo, 289 F.3d 616, 620 (9th Cir. 2002)). See also Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 504 (1995).  The Ex Post Facto Clause is also violated if:  (1) state regulations have been applied retroactively; and (2) the new regulations have created a "sufficient risk" of increasing the punishment attached to the crimes.  Himes, 336 F.3d at 854.  The retroactive application of a change in state parole procedures violates ex post facto only if there exists a "significant risk" that such application will increase the punishment for the crime.  See Garner v. Jones, 529 U.S. 244, 259 (2000).

Petitioner was convicted and sentenced to fifteen years to life in prison in 1984, twenty-four years prior to the passage of Marsy's Law in November 2008.  Marsy's Law amended California law governing parole deferral periods.  See Gilman v. Davis, 690 F. Supp.2d 1105, 1109–13 (E.D. Cal. 2010) (granting plaintiffs' motion for a preliminary injunction

1  enjoining enforcement of Marsy's Law, to the extent it amended former California Penal Code §

2  3041.5(b)(2)(A)), rev'd sub nom. Gilman v. Schwarzenegger, 638 F.3d 1101 (9th Cir. 2011).

3  Prior to the enactment of Marsy's Law, the Board deferred subsequent parole suitability hearings

4  with respect to indeterminately-sentenced inmates for one year unless the Board determined it

5  was unreasonable to expect that parole could be granted the following year.  If that determination

6  was made, the Board could then defer the inmate's subsequent parole suitability hearing for up to

7  five years.  See Cal. Pen. Code § 3041.5(b)(2) (2008).  Marsy's Law, which applied to petitioner

8  at the time of his 2009 parole suitability hearing, amended § 3041.5(b)(2) to impose a minimum

9  deferral period for subsequent parole suitability hearings of three years, and to authorize the

10  Board's deferral of a subsequent parole hearing for up to seven, ten, or fifteen years.  Id. §

11  3041.5(b)(3) (2010).

12       One of the claims presented by the plaintiffs in the class action Gilman case is that

13  the amendments to § 3041.5(b)(2) regarding parole deferral periods imposed under Marsy's Law

14  violates the Ex Post Facto Clause because "when applied retroactively, [they] create a significant

15  risk of increasing the measure of punishment attached to the original crime."  (Gilman, Doc. No.

16  154–1 at 13 (Fourth Amended/Supplemental Complaint), Doc. No. 183 (Mar. 4, 2009 Order

17  granting plaintiffs' motion for leave to file a Fourth Amended/Supplemental Complaint.))  With

18  respect to this Ex Post Facto claim, the class in Gilman is comprised of "all California state

19  prisoners who have been sentenced to a life term with possibility of parole for an offense that

20  occurred before November 4, 2008."  (Gilman, Doc. No. 340 (Apr. 25, 2011 Order amending

21  definition of class.))  The Gilman plaintiffs seek declaratory and injunctive relief, including a

22  permanent injunction enjoining the Board from enforcing the amendments to § 3041.5(b) enacted

23  by Marsy's Law and requiring that the Board conduct a new parole consideration hearing for

24  each member of the class.  (Gilman, Doc. No. 154–1 (Fourth Amended/Supplemental Complaint)

25  at 14.)

26  /////

In a class action for injunctive relief certified under Rule 23(b)(2) of the Federal

Rules of Civil Procedure a court may, but is not required to, permit members to opt-out of the

suit. Crawford v. Honig, 37 F.3d 485, 487 n.2 (9th Cir. 1994). In certifying the Gilman class,

the district court found that the plaintiffs satisfied the requirement of Rules 23(a) and 23(b)(2)

that "the party opposing the class has acted or refused to act on grounds that apply generally to

the class, so that final injunctive relief or corresponding declaratory relief is appropriate

respecting the class as a whole." (See Gilman, Doc. No. 182 (Mar. 4, 2009 Order certifying class

pursuant to Fed. R. Civ. P. 23(b)(2), Doc. No. 257 (June 3, 2010 Ninth Circuit Court of Appeals

Memorandum affirming district court's order certifying class.)) According to the district court in

Gilman, the members of the class "may not maintain a separate, individual suit for equitable

relief involving the same subject matter of the class action." (Gilman, Doc. No. 296 (Dec.10,

2010 Order) at 2; see also Doc. No. 278 (Oct. 1, 2010 Order), Doc. No. 276 (Sept. 28, 2010

Order), Doc. No. 274 (Sept. 23, 2010 Order.)) There is no evidence before the court at this time

in this habeas action suggesting that petitioner has requested permission to opt out of the Gilman

class action lawsuit.

Rather, petitioner alleges he is a California state prisoner who was sentenced to a

life term in state prison with the possibility of parole for an offense that occurred before

November 4, 2008. (Pet. at 1.) Accepting petitioner's allegations as true, he is a member of the

Gilman class. Similar to the plaintiffs in Gilman, petitioner in this habeas action alleges that

Marsy's Law violates the Ex Post Facto Clause because, when applied retroactively, it creates a

risk of increasing the length of his punishment. Petitioner asks the court to issue a writ of habeas

corpus. However, even if the court found that the Board's 2009 five-year deferral of petitioner's

next parole suitability hearing violated the Ex Post Facto Clause, it would not entitle petitioner to

release on parole. Because his Ex Post Facto claim concerns only the timing of petitioner's next

parole suitability hearing, success on that claim would not necessarily result in determinations

that petitioner is suitable for release from custody on parole. Rather, petitioner's equitable relief

1   would be limited to an order directing the Board to conduct a new parole suitability hearing and

2   enjoining the Board from enforcing against petitioner any provisions of Marsy's Law found to be

3   unconstitutional.  This is the same relief petitioner would be entitled to as a member of the

4   pending Gilman class action.  (See Gilman, Doc. No. 154–1 (Fourth Amended/Supplemental

5   Complaint) at 14.)

6           Therefore, it appears clear that petitioner's rights will be fully protected by his

7   participation as a class member in the Gilman case.  Accordingly, the court recommends that

8   petitioner's Ex Post Facto claim presented by him in this federal habeas action be dismissed

9   without prejudice to any relief that may be available to him as a member of the Gilman class.

10  See Crawford v. Bell, 599 F.2d 890, 892 (9th Cir. 1979) ("A court may choose not to exercise its

11  jurisdiction when another court having jurisdiction over the same matter has entertained it and

12  can achieve the same result."); see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991)

13  ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison

14  conditions cannot be brought where there is an existing class action."); Gillespie v. Crawford,

15  858 F.2d 1101, 1103 (5th Cir.1988) ("To allow individual suits would interfere with the orderly

16  administration of the class action and risk inconsistent adjudications."); Johnson v. Parole Board,

17  No. CV 12–3756–GHK (CW), 2012 WL 3104867, at * (C.D. Cal. June 26, 2012)

18  (recommending dismissal of petitioner's Ex Post Facto challenge to Proposition 9 "without

19  prejudice in light of the ongoing Gilman class action.") (and cases cited therein), report and

20  recommendation adopted by 2012 WL 3104863 (C.D. Cal. July 25, 2012).

21  V.  Conclusion

22          Accordingly, IT IS HEREBY RECOMMENDED that:

23          1.  Federal habeas relief be denied as to petitioner's due process claim; and

24          2.  Petitioner's claim that his rights under the Ex Post Facto Clause were violated

25  by the Board's 2009 decision to defer his next parole consideration hearing for a period of five

26  years be dismissed without prejudice to any relief that may be available to petitioner as a member

1  of the class in <u>Gilman v. Fisher</u>, 05-0830 LKK GGH P.

2         These findings and recommendations are submitted to the United States District

3  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

4  days after being served with these findings and recommendations, any party may file written

5  objections with the court and serve a copy on all parties.  Such a document should be captioned

6  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

7  shall be served and filed within fourteen days after service of the objections.  Failure to file

8  objections within the specified time may waive the right to appeal the District Court's order.

9  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.

10  1991).

11         In any objections he elects to file, petitioner may address whether a certificate of

12  appealability should issue in the event he files an appeal of the judgment in this case.  <u>See</u> Rule

13  11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a

14  certificate of appealability when it enters a final order adverse to the applicant); <u>Hayward v.</u>

15  <u>Marshall</u>, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of

16  appealability to review the denial of a habeas petition challenging an administrative decision

17  such as the denial of parole by the parole board).

18  DATED: October 4, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

22  DAD:8:
23  whitmore2488.hc

13